I'm 1355 Deseado International against the United States. Mr. Thompson. Good morning, Your Honor. My name is George Thompson. I'm appearing on behalf of plaintiff appellant Deseado International. The Court of International Trade erred in concluding that Deseado's appeal from a Commerce Department administrative review of the determination to somehow a collateral attack on a separate Commerce Department anti-circumvention proceeding. What Deseado has done both before the Commerce Department in that administrative review as well as before the Court of International Trade is raise a direct challenge to the Commerce Department determination set forth in the eighth administrative review that the mixed order on petroleum wax candles from China. Deseado asserts that Commerce lacks authority to expand the scope in any forum including the administrative review and that therefore Commerce Department erred in including Deseado's mixed wax candles in the final results of that review. It is not contested that these products were explicitly excluded from the to us. There may be a good argument that the anti-circumvention proceeding reached the wrong result but that's not the issue here. The issue here is whether you can decide not to participate in the anti-circumvention proceeding and challenge the decision that was made there in this eighth administrative review. And I don't understand why it is that you should be able to relitigate that issue in the light of our decision in Magnolia. There was a proceeding that determined this, that determined that anti-circumvention applied, that determined that the decision on anti-circumvention was retroactive. So everything was determined in that proceeding. Why should you be able to collaterally attack that in the eighth administrative review? It's not a collateral attack in our view, Your Honor. It is a direct attack on a separate determination that the Commerce Department made in this eighth administrative review. And that determination can stand or fall on its own merits based on an evaluation or application of this court's decisions in, for example, DeFerco or Wheatland 2. So our view is that this is not a collateral attack on some other determination. But you could have participated in the anti-circumvention proceeding, couldn't you? We could have, Your Honor, yes. And you didn't? We did not. And can I ask you why you didn't? Your Honor, I don't know that. Did you think it had nothing to do with your situation? I don't know the answer to that, Your Honor. We didn't represent the company at the time. It seems to me you could have participated in that earlier administrative proceeding. You didn't. And now you bring your own eighth annual review proceeding and you say, in that proceeding, you'd like to litigate an issue that was actually litigated and decided against you in the anti-circumvention proceeding. Why should you be allowed to do that? I don't understand why the orderly administrative procedure doesn't say you either participate in an administrative proceeding where the issue will be disposed or you're bound by it. Well, Your Honor, in this case, the issue arises anew in the course of the administrative review. The Commerce Department in every administrative review has to make a determination of scope. We believe that the determination here is inconsistent with this Court's determinations in previous appeals and that regardless of what occurred in the anti-circumvention proceeding, that Commerce committed a separate error in the course of this administrative review, which is appealable directly to the Court of Intervention. What was the error? The error was in determining that our merchandise was, first of all, within the scope of the anti-dumping duties. So the Commerce Department, as a result of this determination, issued liquidation instructions or indicated its intent to issue liquidation instructions to US customers. But the reason you say that is because you say that the original anti-dumping order didn't cover the type of candle you were importing. Is that right? Exactly. And that was the issue in the anti-circumvention? Wasn't the issue in the anti-circumvention proceeding whether the original order covered candles that contained less than 50% of the petroleum wax? That was an issue in the anti-circumvention proceeding. And that was decided in that proceeding? That was decided in the anti-circumvention proceeding, yes. And that was upheld in the Target case by the Court of International Trade? Yes, it was upheld by the trial court. But, Your Honor, this is... You don't say that your product is not covered by the anti-dumping duty order for any reason other than that one, as I understand. Is that correct? I don't think that's correct, Your Honor. Your Honor, we say that our product is not covered because of this Court's determinations that the Commerce Department cannot expand the scope of an anti-dumping duty order. Where do you find that determination generally? I mean, what I notice here is in our decision in Wheatland, we said that you can't change the determination of the scope except that there's a statute that says you can extend it in four situations. Wheatland involved number three, which was minor changes. This one involves number four, something that was developed later on. But as I read Wheatland, it doesn't permit Commerce to rewrite an anti-dumping duty order. It's not rewriting it, it's determining it. Basically, the theory is that if this new product that was developed subsequent to the order had been available at the time of the order, the order would have covered it. That's the theory, as I understand it. But ideally, that should be a clarification. Here we do have a rewritten anti-dumping duty order. And that's manifest on the face of the challenge review results. The Commerce Department incorporated the changed language. Now, that language originally stemmed from the anti-circumvention proceeding. But the Commerce Department imported that language into these final results. And our challenge in the Court of International Trade is you can't do that. Now, the Commerce Department's response to that may be, well, yeah, we can, that's an issue of statutory interpretation. But the Court never got that far. The Court said, no, you're really attacking the anti-circumvention proceeding. But it overlooked the fact that this is a separate Commerce Department determination. Commerce issued a specific finding that our products were included, described the scope in a way that we objected to, and that we challenged during the administrative proceedings. And that's what we appealed from. We didn't have the opportunity to present our Wheatland and DuFerco arguments. You didn't have the opportunity to present it in the 8th Annual Review proceeding because Commerce said you could and should have presented it in that earlier proceeding. That's basically what Commerce, what the Court of International Trade said is, isn't it? That's what the Court of International Trade said. And we, our position is that that's as may be. We may have been able to participate in that prior proceeding, but this is a separate, independent proceeding. Well, what you're saying is you may have been able to, but you didn't have to, and not having done it, you're not barred from now litigating anew. That's exactly our position, Your Honor, that the Administrative Review, excuse me, offers an independent basis for raising scope questions. We see this is fairly common in anti-dumping, countervailing cases where the Commerce Department will make a decision in the initial investigation. And as you know, the initial investigation will cover both previous entries as well as applied prospectively. And then there are annual administrative reviews to determine a number of different issues. If you take Commerce's position to its logical end, the Commerce Department would say, well, we decided that issue in the initial investigation. You didn't participate in that investigation. Therefore, you can't raise it on review. And so once Commerce has made an error in a prior determination, even though that error has independent effect in subsequent determinations in the form of administrative reviews, you can't raise it in those subsequent proceedings. That's really the logic of what they're saying here. If you had participated in that earlier proceeding and the proceeding had come out the way it did, you could not relitigate that question in the 8th Annual Review. Or would you say that you, despite that, you could litigate it again in the 8th Annual Review? I would say we could raise it again. That's very common in Commerce Department proceedings. You lose an issue in one review, you raise it in a subsequent one. One of the reasons is, if you don't raise the issue in a review, if you don't ask for a review in the first place, your entries are going to get liquidated. So you may be vindicated down the road if you participate in a first proceeding, challenge it in court, and the court says, yeah, you're right, Commerce committed an error. If you haven't addressed those issues in an administrative review, and thereafter to the Court of International Trade, so in a review, entries are subject to suspension of liquidation. No review is requested, they automatically liquidate. And I suppose under your theory, if you initiated a 9th Annual Review, you could litigate the issue there. I believe that's correct, Your Honor. Well, let me ask you this. What happens if I started importing candles the day before the end of one annual review period? So I never had the chance to participate in the anti-circumvention proceeding. But I think that the results of that proceeding are at odds with Wheatland. Do I have a remnant? I thought the issue was, you're not challenging the correctness of the anti-circumvention order, as I understood it, but solely its applicability to your imports for this year during the period when the prior view of Commerce... Exactly right, Your Honor. Isn't, it seemed to me, that the focus here is entirely the retroactivity to liquidation in the year of your 8th Review, because of the existence of Commerce's prior statements that less than 50% were not covered? Yes, Your Honor. We believe that that precludes Commerce from changing the scope of the order or expanding the scope of the order at all. They did change the scope, but in the anti-circumvention order they changed their viewpoint as to what was covered. Is it more a question of retroactivity? Well, we believe retroactivity plus prospective application are both precluded. But retroactivity was also addressed in the anti-circumvention proceeding, wasn't it? I believe it was, Your Honor, yes. So it's not new in this proceeding. The retroactivity issue is not new in this proceeding, right? But we see it as a subset of the argument that Commerce cannot expand the scope. And I'd like to point out that the Commerce Department is not merely interpreting existing scope language. What it has done, as a result of the anti-circumvention proceeding, but what you'll find in the Challenge Date Administrative Review results, is that the Commerce Department has imported new language, so that it's not merely a clarification. It's, in my view, an expansion. So that we are challenging that expansion as it applies to our products. It does have a retroactive effect in the sense that these imports have already been completed. But what if I wanted to import today and I thought that the Commerce Department was wrong? Do I have a remedy? According to the government, no, I don't, because I didn't participate. I might not even have imported candles. Well, if you imported after the anti-circumvention ruling, the rules are quite different. And I had the impression that your concern was that the particular imports now before us were imported before the anti-circumvention ruling. Is that correct? That is correct, ma'am. Yes. Yes. I'm merely pointing out that the Commerce Department's position would effectively preclude anybody in the future from challenging this determination. What's wrong with that? Well, Your Honor, if I import, and let's say that I'm aware of both the Desiato case challenging the expansion of the order, as well as the appeals arising out of the anti-circumvention proceeding, let's say that I believe that those appeals have merit, and I want to preserve my rights, so I start importing today, but I think that those appeals are going to be successful, and that my merchandise will be found to be outside the scope of the order. Under the government's reading, I don't have a remedy, because there is no way to avoid liquidation of the entries. At the end of the review period or prior, if no review was requested, the entries get liquidated automatically. So if this court in Target decides that the anti-circumvention expansion was incorrect for whatever reason, and says, no, Commerce Department, you didn't have the authority to do that, other importers who are in the position of Desiato, or could be in the position of Desiato, by asking for an administrative review, they're not going to be able to get their duties back, because the entries will have liquidated, pursuant to operation of statute. So the only way to preserve your right to get a remedy at all, whether from the Commerce Department, or from this court, or the CIT, is to request an administrative review. See, that's what's wrong with it. Commerce issued a determination that may be overturned, and the only remedy you have in the event that that is overturned, is to have suspension of liquidation imposed during an administrative review, and thereafter, have liquidation enjoined by the Court of International Trade. Okay, let's hear from the other side. May it please the Court, the trial court correctly dismissed So what about the argument he's just making? What he's saying, as I understand it, is, okay, let's assume that I can't challenge the anti-circumvention determination, that I'll be stuck with that, and that, you know, I didn't participate, so whatever happens, happens. But if the appellants in the anti-circumvention proceeding win, in this court, and I'm not suggesting one way or the other as to whether that's likely, but he's saying, if they win, and get the order set aside, I need some sort of protection. I should get the benefit of the setting aside of the anti-circumvention order. I shouldn't have my product assessed at a higher duty rate than other people in a similar position. What's the answer to that? Well, one, the way to protect themselves was to participate, which case they could have gotten a preliminary injunction and Well, so what about somebody who imports later? Those people wouldn't have any reason to participate. What about somebody like that? Well, in that case, those people, if they import after the anti-circumvention determination, they certainly have every bit of notice that Congress has determined this is within scope, so they take that decision subject to you. What's their remedy if the order gets set aside? If the anti-circumvention order is affirmed, no problem, right? But I'm saying, what's their remedy if it's set aside? If it's set aside and their entries have not been liquidated and there is no remedy. But there are other parties. There is no remedy? That's correct. Yes, if the entries have been liquidated and I believe that there is no remedy. Can they prevent the liquidation in light of the pending proceeding? No, and there are other parties that I would say are in a similar situation to Desiato that did not participate in the anti-circumvention proceeding. And they have been, their suspension of liquidation, I believe, has been removed. And so their entries would be, if they have been already liquidated, I don't believe that there would be a remedy for them at that time. I mean, I think it's possible that Congress could consider it at that time. But my belief is that there would be no remedy. But essentially, Desiato is in the same situation. So why wouldn't Congress say liquidation for everybody who might be affected by the affirmance of reversal of the anti-circumvention order? Well, for, I guess, a variety of reasons. One is it doesn't encourage any participation in the proceedings. If you're allowed to benefit from someone else's challenge by doing nothing, it certainly doesn't encourage anyone to participate in the proceeding. But this is really, I think, a fairly common situation where you have a determination made that may affect many parties. But only one party appeals that, or one party either brings it to the CIT, the Coordination of Trade, or brings it to this court. And only that party then would benefit, and only benefit if it has a preliminary injunction in effect. Well, you certainly agree that if the entries hadn't been liquidated and the order were reversed, that somebody would get the benefit of it, right? That's my belief. That's probably what Congress would do. But that's something for them to determine at that time. They'd have to do it. They'd be obligated to do it, right? I don't know if they'd be obligated. I think they probably would. Wouldn't be obligated to do it? If the entries haven't been liquidated and the basis for the entries is set aside as unlawful, they can go ahead and liquidate anyway? Yeah, I think they answered that. I think that's probably correct. They probably would be required. But I can't say that for sure that they would be required at that point. But I think it's important to bring it back to the facts of this case where here there was an anti-circumvention determination, an entirely separate determination that was based on extensive evidence that was considered during that proceeding. And essentially, Desiato did not participate, acknowledges that it has no reason to say he could not have participated in that proceeding. But here these importations were made before the anti-circumvention determination, the importations here at issue. So how can they be bound by a subsequent decision to which they weren't a party? Your Honor, two things. One is that there was the same issue in the anti-circumvention proceeding because in the anti-circumvention proceeding there was the same retroactivity issue. But before that we had an explicit opinion of Commerce that it didn't cover these goods. Going back, let's go way back then, that's what you had. Well, going back to the circumstances under which these importations were made, they had a decision of Commerce that it didn't cover less than 50% petroleum. I think you had a final determination as you state, stating that petroleum wax candles must have 50% petroleum wax. But what you also had prior to the importation of the entries in this case, and actually five months prior to the importation of these entries, or at least the period of the review, was an initiation of the anti-circumvention inquiry. Initiation, that doesn't mean, starting a lawsuit doesn't set the date for the effectiveness of its result, especially when someone else starts it. Well, Your Honor, it provided notice to the world, this is a Federal Register notice to the world, that they are initiating this inquiry, and actually in that initiation Commerce addressed essentially the issues that Desiada wants to collaterally attack, which is, one, this idea that somehow the prior scope rulings  You're saying that they're bound by a decision that might or might not be made sometime in the future? No, I'm saying that they had notice at that time. That's what I asked you. Yeah, I'm sorry. Are they bound by a decision that might or are they supposed to stop their commerce and their trade while this question works its way through, when they meanwhile have an explicit statement from Commerce that applies to their goods? No, Your Honor. There's not any reason for them to stop their commerce. The notice of initiation of the Anti-Circumvention Inquiry put them on notice that Commerce was considering this, not just considering this. That's all right. Okay, they knew it was being reviewed. Yes, and not only that. What does that mean as a matter of law to them, that thereafter will be bound by the results of that review that they didn't start? Yes, Your Honor. The fact that they didn't start it is really... Because they knew it was going on? I'm sorry? Because they knew it was going on? Correct. That's a very strange interpretation of the law, is it not? No, Your Honor. Because the law may change in the future? You, from then on, are going to be bound by whatever may or may not happen in the future when you meanwhile have an explicit statement from the same body with which you're complying? Well, Your Honor, I guess there are two issues here. One, it's difficult to answer your questions because the questions you're raising are really issues that were decided in the anti-circumvention proceeding based on entirely different evidence. So when you say that there was an explicit determination one way in these other scope rulings, the answer to that question is yes, but the anti-circumvention determination was different than those prior scope rulings. And really, for me to explain why that's different, I'd have to explain the record of a different proceeding. But that's very interesting because you're saying that they nonetheless have to, from then on, conduct themselves as if they will be bound by some speculative conclusion on different facts. Yeah, I'm not quite sure I understand the question. I think that, I guess, to emphasize a point... I'm trying to get at the reason, the rationale, for applying retroactively to a non-party that complied with the law in existence at the time they made the importation. Why, nonetheless, the change in rule, the change in duty based on the anti-circumvention ruling, based on different facts, as you've just said, nonetheless applies to them. Okay, and the different facts... They've already imported the goods. For future importations, I can understand that the facts can be viewed differently. But they've already made the importation under the prior circumstances clearly stated by Commerce. Yeah, and when you say different facts, I mean, I'm not totally sure you're referring to different facts between the anti-circumvention determination. You told me the facts were different. What I'm saying is the issues are different. I'm not saying the facts... Let me see if I understand your argument. I just want to be clear of it. We start with the anti-dumping order. Then you had two scope proceedings which determined that the anti-dumping order did not cover products with less than 50% of this particular type of wax, this petroleum wax. Is that right? Correct. And then following those two orders, Commerce instituted this anti-circumvention proceeding and said they wanted to determine whether products with less than 50%, perhaps, were products that had been developed after the order. And they also announced that if they so concluded, they would apply this new ruling to matters that were pending and had not been liquidated on the date of the initiation of the order. And that's exactly what happened, I take it. That's correct. And then now the question is, was someone who could have participated in the anti-circumvention proceeding but didn't, are they now precluded from relitigating that issue? That's the basic question, isn't it? Correct, Your Honor. And Commerce found that they essentially had gone over these issues before and were not going to go over plowed ground and the court correctly... Supposedly, we accept that. We say they can't use the 8th Administrative Review to relitigate the validity of the anti-circumvention order. Okay, let's assume we decide that. That seems to me that doesn't resolve the question of whether they get a benefit from the reversal, hypothetical reversal, in the anti-circumvention proceeding. What's the status of their entries now? Has Commerce stayed liquidation, or Customs stayed liquidation of those entries? Well, they requested and we consented to a preliminary injunction. So currently there is a preliminary injunction in effect. Which stays the liquidation of their entries. Correct. Right. And what you're saying is, if we affirm here, you're going to liquidate those entries at the rate in the anti-circumvention proceeding, and if the order in the anti-circumvention proceeding gets reversed, they don't benefit from that. That's troublesome. Doesn't Shinyai suggest maybe that they can go back and ask to have a re-liquidation at the proper rate? Well, Your Honor, I think, you know, one, Shinyai was a 1581I case, challenging liquidation instructions. And so it's possible that, if that's the issue, that perhaps they could bring a case to challenge the liquidation instructions. But, I'll just say, as a matter of fairness, there are these other parties that have not participated, and I think are in the same situation as Dezado. They, for whatever reason, elected not to participate. Yeah, but I'm not sure that I follow why somebody, he says, it's too expensive, I'm not going to participate, I just want to sit by. I'm not trying to collaterally attack the order. I'm not trying to have a do-over. I'm just saying, if the order gets reversed, I too, because I'm similarly situated, ought to get the benefit of it. And what you say is, there's no way that anybody can do that, as I understand it. If their entries have been liquidated, I believe that's the case. Only if they haven't been liquidated now. But you're not willing to stay liquidation of their entries pending the outcome of the anti-circumvention proceeding? Yeah, I don't believe that, at least, the appellant has not cited any cases or any statutes that would require such a result. And the parties have not briefed this issue about what would happen and is there a requirement. I think there are cases, and I'm to some extent speculating, but I believe there are cases, this issue has come up in the past, about if one party files an appeal raising some issue, and there are other parties that don't appeal or appeal to CIT and don't take it to this court, then there's a reversal on appeal where the result is applied, the beneficial result is applied to the party that pursued the appeal, but the other parties did not get the benefit of it. I believe there is precedent in this case, or in this court, although because this issue is not briefed and not addressed by an appellant. There's a fundamental distinction as I understand it, between the anti-circumvention inquiry and the annual review. The anti-circumvention inquiry deals with the general question of whether the anti-dumping order does cover candles with less than 50% petroleum wax. That's almost akin to a rulemaking proceeding in the sense that it will announce a general principle, whereas the 8th annual review is to determine  of duty is to be applied to the particular importer's products. Is that correct? I think these are distinct issues and Commerce properly treated them as separate issues and did not go back over the anti-circumvention determination. I think another point to drive home the issue you raised is what would happen if Desiato had not requested a review, and as it suggests, based on the automatic assessment provision, it still would have been subject to anti-dumping duties. The reason that it's subject to anti-dumping duties is because of the anti-circumvention determination. The only issue in the review is the rate, and actually in this case, the rate... it's more than just the rate. It also may involve if there hadn't been the scope proceeding, suppose all you had was the original anti-dumping order and then the 8th annual review in which they said you can't apply the anti-dumping order to us because our product contains less than 50% petroleum wax. That could be determined in the 8th annual review, couldn't it? If you didn't have the anti-circumvention proceeding. Well, Your Honor, that would be a matter for... Let me first say I asked to reserve two minutes for intervener. I believe I'm into intervener's time at this point. Did you have an answer to Judge Friedman's question? Actually, I'm sorry. I forgot the question. My question is suppose you didn't... suppose there hadn't been any anti-circumvention proceeding at all. You had the original anti-dumping inquiry and then you had various annual reviews and along comes the 8th annual review and they say the anti-dumping order cannot be applied to our products because our products contain less than 50% petroleum wax and the anti-dumping order doesn't cover such products. Couldn't they liquidate that issue in the 8th annual review? Well, Your Honor, I think at that point it would just be an issue of a traditional scope issue and I guess at that point... It seems to me I'd like a yes or no answer. Either they can litigate it or they can't. Well, I think the fullest answer is it depends and... You can because you don't have the prior intermediate proceeding that decided the issue. Right. I think that's a key issue here and a key distinguishing factor is you already have this determination, a separate anti-circumvention determination. Now, if the question is could someone raise an anti-circumvention question in the first instance in the administrative review, that's an entirely different question. I think it's not presented by this case. For these reasons, we respectfully request that the court affirm the dismissal. I don't understand your answer. Why would an importer ever raise an anti-circumvention issue? I'm sorry. I was addressing a related issue, which is... I assume that an importer would not raise a circumvention issue saying we are circumventing. They would say that, look, these prior scope rulings say this and I don't think at that point if there hadn't been... In prior administrative reviews, remember this is the 8th review, prior administrative reviews, no one had said... But he didn't comply with the prior scope rulings in the liquidation instructions. They could challenge liquidation instructions, right? Yes, if there was a separate liquidation instruction issue. If you tried liquidating it at a rate other than what had been determined in the scope proceedings, they could challenge liquidation instructions. Yes. Well, I think if the liquidation instructions did not adhere to the final results, yes, they could challenge that in a 1581I case. Yes, Your Honor. Thank you. Okay. Now we've exhausted your time, Ms. Begee, but if you want to talk fast, we can cover the two minutes you requested. Thank you. The NCA agrees with the arguments that in the position of the government and I don't have anything further to add unless the court has any questions of me. What about the question of remedy? If they don't participate in the anti-circumvention proceeding but we reverse, do they have a remedy to get treated the same way as everybody else? I've been thinking about that answer. If you reversed, if the court reversed, the customs would liquidate, commerce would order liquidation. You can challenge liquidation. You can file a protest and then make your way back up through the court that way as well, but it all becomes a matter of timing. Here they had a process that they could have followed. Was there some process for them to get the liquidation stayed pending the outcome of the anti- circumvention proceeding? The only process that I'm aware of would have been through participating as a party proceeding in the circumvention determination and then seeking a preliminary injunction as numerous other companies did. They filed for the administrative review in August 2006. The final circumvention determination came down in October 2006. They clearly could have participated even minimally in the circumvention determination, appealed, sought a preliminary injunction and conserved on a lot of... Why would they have to do that if they had already conducted the importation? I can see that it would apply to importations after the order. I have trouble with this retroactive concept when there are prior rulings with which they did comply. Yes, Your Honor. When the initiation notice was published in February... in March 7, 2005 in the Federal Register, clear notice was given that if there was an affirmative preliminary determination, then according to 19 CFR 351.225, there would be retroactive application back to the date of the notice of initiation of the circumvention inquiry. They're not... Desiada was not challenging that regulatory provision. It hasn't briefed that regulatory provision. So our position is that they had fair notice all along and could have participated and at the time they made their entries of mixed wax candles. It was after the initiation notice. After notice had been published. So they knew that the law may change and that they were susceptible at that time. Yes, that's where I have trouble. It may change in the future, therefore it applies to what you do now. Well, all right. I think we know the issue. Any more questions from us? Thank you. Mr. Thompson, it's rebuttal time. Thank you. Judge Dike, you've put your finger on the problem with the government and NCA's position. You've also identified why the administrative review provides the basis and a proper basis for challenging the expansion of the scope and here's why. The anti-circumvention determination does not result in any liquidation instructions. It merely says we're changing the scope. Prospectively, retroactively, where the Commerce Department makes liquidation determinations is through the annual administrative review process. In this case, this administrative review resulted in a finding that our merchandise should be liquidated at the anti-dumping duty rate. So the only way, now had we not asked for that administrative review, our merchandise would have liquidated automatically under 19 U.S.C. 1675 and 1514, I believe, or 1504. We asked for the review and there was statutory automatic suspension of liquidation pending the outcome of the review. The review ended. At that point, the Commerce Department in its challenge determination said we will instruct customs to liquidate everybody's entries, Desiato's and everybody else's at 108%, regardless of the petroleum wax content. So the only way we could stay alive as Desiato was and avoid liquidation was to subsequently file a challenge in the Court of International Trade. Suppose you have participated in the anti-circumvention proceeding. Let's assume that. Could you then have relitigated that question in the 8th annual review proceeding? Oh, I believe so, Your Honor. Yes, because it's the review proceeding that determines how your entries are going to be liquidated. And just as an aside, this may be an academic point, but I would question whether... You could have litigated it twice, basically. Oh, that's very common in Commerce Department proceedings because you have temporal overlap between administrative review to administrative review or investigation to administrative review. I'm not talking of successive administrative reviews. I'm talking about where the Commerce determined the scope, the basic scope, of the anti-dumping order that said in the anti-circumvention proceeding that the anti-dumping order did cover candles with less than 50% petroleum wax. And my question to you is you say that even though you had participated in that review and lost on that point, you could then come around and relitigate that question in the 8th annual review. I believe that we would, Your Honor. Now, the Commerce Department may say this has been decided, may say... Well, but you say you could have relitigated it, and therefore I suppose you would say if Commerce decided, said it's already been decided, you could get that overturned on appeal. If you're right, if you have a right that you can twice litigate the issue, that also means that Commerce can't say you've litigated it once and that's the end of it. That's exactly our position, Your Honor, that the way the statute is constructed gives us, it's not successive bites at the apple, it gives successive apples so that we have the option of participating in the anti-circumvention determination, but where the application of an expanded scope actually occurs is as a result of the administrative review. That's where the liquidation instructions get issued as a result of this review, and if we had not participated in the review and filed the case in the Court of International Trade, our entries would long since be liquidated, just like everybody else's who imported during that period. They didn't challenge the determination in Is there anything they can do about that? I think they're out of luck, Your Honor. I don't see Chenier as being applicable. I'll leave aside the two-year statute of limitation for an eye case. There's nothing, see what they would be doing is challenging the liquidation instructions in that administrative review. Well, the whole reason we're here is Commerce is saying that administrative review is off limits. You can't raise those issues in the administrative review. Desiato did, and Commerce is saying you can't do it. So Commerce is trying to eat its cake and have it too because what they would say is the liquidations took place as a result of those liquidation instructions. We reprinted those, the instructions issued by Customs in the appendix to this to our brief. Those entries would be liquidated, and I don't see a remedy. I don't see a 1581I remedy because there is no overt error in the liquidation instructions. They were correct as of the date they were issued according to Commerce, and therefore they are untouchable. So somebody like Desiato, the only remedy, the only way that we can stay alive and possibly get either our own case heard or if the target case is successful on appeal, the only way that that can have applicability to our products, to our entries is to have filed the administrative review, had suspension liquidation and then had the injunction apply after that. Well, the only way other than participating in any circumvention proceedings. Well, Your Honor, let me point something out about that, and it's probably an academic point, but the Court of International Trade issued an injunction in that case, but I question, and at the time that the anti-circumvention proceeding was going on, I questioned whether the Court could stay liquidation. Now, the government agreed to that, but that's not the traditional injunction in aid of the Court's jurisdiction because the Court would be able to hear that case regardless of whether liquidations take place. So I was a little surprised that the CIT issued an injunction and that the Commerce Department agreed to it because it's really unusual based on this Court's jurisprudence to give an injunction in those types of circumstances where the case would not be mooted out based on the liquidation of entries. Again, it's probably an academic point, but at the time that we filed the administrative review request, there was no way to anticipate that the Commerce Department would be willing to agree to an injunction under those circumstances because the Court's jurisprudence is, the analogy would be, when there's a negative International Trade Commission determination and the domestic industry sues, they can't get an injunction against liquidation because the courts have said, well, your case stays in effect even if entries liquidate. Well, that's just as true in the anti-circumvention litigation that that case would remain in effect regardless of liquidation of any particular entries. I'm glad to see that the Commerce Department agreed to that injunction, but I question its basis under the Albritts Act, which is the reason why the injunctions of that nature are typically granted. Any more questions? Any more questions? Thank you, Mr. Thompson.